# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LEVORY W. HICKMON, Sr.,**

        **Plaintiff,**

**-vs-**                                     **Case No.  6:06-cv-397-Orl-18KRS**

**SEMINOLE COUNTY CLERK'S OFFICE,**

        **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| MOTION: | APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2) |
|---|---|
| FILED: | **March 29, 2006** |

On March 29, 2006, Plaintiff Levory W. Hickmon, Sr., filed a complaint against the "Seminole County Clerk's Office."  Doc. No. 1.  Hickmon also filed an application under 28 U.S.C. § 1915 to proceed without prepayment of fees.  Doc. No. 2.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to consider whether Hickmon's complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [*in forma pauperis*] litigants –

prisoners who pay fees on an installment basis, prisoners who pay nothing, and

nonprisoners in both categories.").

## I.      STANDARD OF REVIEW.

The United States Court of Appeals for the Eleventh Circuit applies the same

standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6)

to dismissals for failure to state a claim on which relief may be granted under section

1915(e)(2)(B).  Under this standard, a complaint should not be dismissed for failure to

state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts

that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  "In

evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that

the Federal Rules require only that the complaint contain 'a short and plain statement of

the claim showing that the pleader is entitled to relief[.]'"  *United States v. Baxter Int'l,

Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (quoting Fed. R. Civ. P. (8)(a)).

In addition, it is well established that "[*p*]*ro se* pleadings are held to a less stringent

standard than pleadings drafted by attorneys and will, therefore, be liberally construed."

*Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  Nevertheless, it is

not the Court's duty to re-write a plaintiff's complaint so as to bring it into compliance with

the Federal Rules of Civil Procedure.  *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d

904, 912 (11th Cir. 1993); *see also Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla.

1993) ("[*P*]*ro se* litigant[s] must still meet minimal pleading standards.").

## II.   PROCEDURAL HISTORY.

In his complaint, Hickmon alleges that Wesley F. Blankner, Jr., an attorney retained to represent Hickmon in a state court criminal action, failed to return certain funds due to Hickmon.  Hickmon sued Blankner in state court to recover the funds, for malpractice, and for other claims.  Doc. No. 1 at 8-9.

Hickmon alleges that he paid all required costs and fees but that the Defendant Seminole County Clerk of Court's Office (Clerk's Office) failed to cause service to be effected on Blankner.  *Id*. at 9.  As such, Hickmon alleges that he has sustained "injuries of loss of time, [and] loss of funds in pursuing  these matters . . . ." *Id*.  Accordingly, he requests a declaration that the Clerk's Office has deprived him of his civil rights, including his Fourteenth Amendment due process rights, and damages for "injuries of loss of time, [and] loss of funds . . . [because the civil suit against Blankner] would possibly ha[ve] been resolved at this point."  *Id*. at 9-10; *see also* Statement of Claim at 8.

Hickmon has also filed a petition for a writ of mandamus against the Clerk's Office with the Florida Supreme Court.  Pursuant to an order entered by this Court on April 6, 2006, doc. no. 3, Hickmon filed a copy of that petition, the Clerk's Office's response to a similar petition filed in the District Court of Appeal, and a copy of the civil docket sheet in the underlying action against Blankner.  Doc. No. 5 (copy of Petition for Writ of Mandamus, Florida Supreme Court Case No. SC05-1534).[1]  In the petition, Hickmon

---

[1]     The Florida Supreme Court's online docket indicates that this petition is currently pending.  Florida Supreme Court Online Docket, http://jweb.flcourts.org/pls/docket /ds_docket_search%20 (searched under case number Case No. SC05-1534) (last visited May 2, 2006).  The docket also indicates that on February 6, 2006, the Clerk's Office filed a motion to dismiss the petition.  *Id*.

seeks an writ requiring the Clerk's Office to serve his complaint on Blankner.  Hickmon

also requests that the Florida Supreme Court inquire into the Clerk's Office's continued

violation of his civil rights by not serving process on Blankner.  *Id.*

## III.   ANALYSIS.

### A.     The Requested Declaration.

Because Hickmon's complaint arises out of events underlying a case currently

pending before the Florida Supreme Court, the complaint presents a *Younger* abstention

problem.  *Younger v. Harris*, 401 U.S. 37 (1971).  "*Younger* and its progeny reflect the

longstanding national public policy, based on principles of comity and federalism, of

allowing state courts to try cases – already pending in state court – free from federal

court interference."  *Butler v. Ala. Judicial Inquiry Comm'n*, 245 F.3d 1257, 1261 (11th

Cir. 2001).  "'[T]he normal thing to do when federal courts are asked to enjoin pending

proceedings in state courts is not to issue such injunctions.'"  *Id*.  at 1262 (citing *Younger*,

401 U.S. at 45).  *Younger* abstention applies not only to requests for injunctive relief, but

to requests for declaratory judgments as well.  *Quackenbush v. Allstate Ins. Co.*, 517

U.S. 706, 718 (1996) (citing *Samuels v. Mackell*, 401 U.S. 66, 69-70 (1971)).

In determining whether a federal court should abstain because of ongoing state

judicial proceedings, the court must ask: "'first, do [the proceedings] constitute an

ongoing state judicial proceeding; second, do the proceedings implicate important state

interests; and third, is there an adequate opportunity in the state proceedings to raise

constitutional challenges.'"  *31 Foster Children v. Bush*, 329 F.3d 1255, 1274-75 (11th

Cir. 2003) (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

When a court abstains under *Younger*, it is appropriate to dismiss the action.  *See Middlesex County*, 457 U.S. at 437 (affirming district court's dismissal under *Younger*). The Eleventh Circuit has approved dismissals with prejudice based on *Younger* abstention.  *See 31 Foster Children*, 329 F.3d at 1262; c*f. Nivens v. Gilchrist*, __ F.3d __, 2006 WL 923709 (4th Cir. April 11, 2006) (discussing whether dismissal based on *Younger* abstention should be with prejudice or without prejudice and concluding that dismissals must be with prejudice where the complaint seeks equitable relief).

In this case, the pending petition for a writ of mandamus is an ongoing state judicial proceeding.  Hickmon's petition is currently on review by the Florida Supreme Court, and the Clerk's Office is participating in that proceeding.  Whether a clerk of court is properly handling requests for service of process in civil cases implicates important state interests that the Florida appellate courts are well suited to address.  Finally, there is nothing in the complaint that leads to the conclusion that Hickmon is unable to present his constitutional claims in state court.  On the contrary, the petition indicates that Hickmon has raised a number of alleged violations of his civil rights as grounds for the issuance of the writ.

Accordingly, I respectfully recommend that the Court abstain from ruling on Hickmon's request for a declaration that his civil rights have been violated.  As such, I recommend that the Court dismiss with prejudice the request for a declaration that Hickmon's rights have been violated.

    *B.*     *The Requested Damages.*

Hickmon's claim for damages is not technically within the *Younger* abstention doctrine. *See Pompey v. Broward County*, 95 F.3d 1543, 1552 n.12 (11th Cir. 1996) ("It is doubtful that federal district courts may dismiss claims for damages under abstention principles.").   The Supreme Court has "permitted federal courts applying abstention principles in damages actions to enter a stay, but . . . [has] not permitted them to dismiss the action altogether." *Quackenbush*, 517 U.S. at 730.

The Eleventh Circuit has required a district court to stay ruling on a 42 U.S.C. § 1983 claim (which is the most likely basis for the present complaint) where some of the questions presented by the complaint were subject to *Younger* abstention. *Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985);  *see also Scheuerman v. City of Huntsville*, 373 F. Supp. 2d 1251, 1255 n.9 (N.D. Ala. 2005) (collecting cases requiring stay of damages actions based on *Younger*).   Accordingly, I recommend that the Court stay the remainder of the case pending resolution of the mandamus proceedings in the state court and administratively close the case subject to a motion to reopen being filed, if appropriate, after the state court proceedings are resolved.

## IV.   RECOMMENDATION.

For the reasons discussed herein, I respectfully recommend that the Court dismiss the cause of action seeking a declaratory judgment with prejudice and stay the remainder of the proceeding.  I further recommend that the application to proceed *in*

*forma pauperis*, doc. no. 2, be **DENIED**.  Finally, I recommend that the Court order the Clerk of Court to close the case administratively.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 5, 2006.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy